The opinion of the Court was delivered by
WhitNER, J.
The witness, whose competency is questioned on the score of interest, by the first ground of appeal, had been examined by commission. On the objection being taken, it appeared, that the witness was to share the profit or loss in .the shipment of this cotton then contemplated, in another market, but had executed an assignment and release to the plaintiff, which was produced. The objection was waived and the testimony was read: another commissiont o take the further testimony of the same witness, was also published *117 and read without objection. When the testimony was closed and counsel about proceeding to the argument of the case before the jury, and which, it may be proper to add, was the second day after the testimony had been read, the presiding judge declined to permit or order the evidence of this witness to be withdrawn from the jury. To have sustained the objection renewed at this stage of the case in any point of view of which it is susceptible, would have been embarrassing beyond measure, manifestly unjust to the plaintiff, and, it was not at all unlikely, unavailing to the defendants, inasmuch as it had reached the jury and probably done its work. Such an order, under such circumstances, would have been unprecedented in our practice, for it is to be kept in mind, that the ground on which the objection is still pressed, rests upon the allegation, that inasmuch as losses were to be borne equally, ■hence the release of plaintiff was indispensable to free the witness from interest. It was not the case, therefore, that sometimes happens, where a witness declares he has no interest, but the examination having proceeded, other facts transpire, whereby the interest becomes then for the first time manifest — at most, it was but the case, not uncommon with the profession, where new and other views were suggested by a right reflection, but unfortunately, when well founded, after the opportunity had passed. The objection, therefore, was toe late. But I am permitted by this Court, and- it is due to the sleepless vigilance that guarded the interests of these defendants, to add, that, as an original objection it might well have been overruled and the testimony heard. The validity of the assignment and release has not been drawn in question, and it is clear that the very acceptance by the plaintiff, carries with it a corresponding discharge of witness from all liability to any future account. There was no subsisting mutuality in the adventure, and by the assent of each, fairly inferrible, their engagement was ended, and the witness had no interest in the event of this suit.
*118 Tbe second and third grounds of appeal have led the appellants’ counsel to quite an extended discussion, having reference to the relative rights and liabilities of the two companies, these defendants and the Columbia Insurance Company. I do not propose to follow far in this direction, as I think the grounds depend on the just solution of a single proposition. It has been insisted this was the case of double insurance, hence the deduction of the first ground, that being fully indemnified by the Columbia Insurance Company for damage to the cotton, this, in legal contemplation, was a payment and satisfaction of plaintiff’s demand, or, as in.the other ground, at least entitled the defendants to a pro rata deduction ; again, if not to be regarded in strict legal parlance in the light of a double insurance, yet in point of fact an insurance had been effected with the Columbia Insurance Company, and the defendants were regarded in law as insurers, and hence a payment by the former should operate as a discharge to the latter, it being wrong in morals and in law that one should be twice compensated for the same injury. In point of fact no amount was ascertained to have been paid by the Columbia Insurance Company on their policy: a claim had never been made out by plaintiff. An advance by the President of the Company to this plaintiff to enable him .to meet his draft for the purchase of the cotton, to await the event of this very suit; then commenced, was a very different' thing from an admitted liability in discharge of which a payment was made.
I scarcely deem it necessary to pursue the matter any further. It is true, on circuit, inferences were sought to be drawn from the fact that some amount of money had passed from the President of the Insurance Company to the plaintiff, and hence the fact was one to be inquired of by the jury, and if found by them, then they were instructed as shown by the report.
There is no ground on which to rest an allegation that this *119 was a double insurance, wbicb is said to be where the insured makes two insurances (3 Kent, 280,) on the same risk and' the same interest. There were no two policies here, so essential to define and determine the mode of contribution. A doctrine, which, though it applies very equitably in such a case, would lead to very monstrous results if a common carrier who, though he be in the nature of an insurer, could thus discharge the consequences of his own negligence by securing a rateable contribution, from all underwriters, on the different policies often effected on goods entrusted to his care. To test the principle, divest the case of any pretence of payment by the Insurance Company in advance, and when suit is brought, and a recovery had of these defendants fox the injury to the cotton, occasioned by their negligence, affirmed by the verdict of a jury, on what ground would they place their demand for a rateable contribution towards the loss: for in the ease of double insurance, if the insured recovers his whole loss from one set of underwriters, they will be entitled to their action against the other insurers. A statement of the proposition suggests an answer to the entire allegation. In this case the loss was ascertained by the verdict of the jury to have resulted from want of care, skill and diligence, on the part of these defendants, and their liability was inevitable. The principles laid down on the circuit are approved by the Court.
The motion for a new trial is dismissed.
O’Neall, Wardlaw, Withers, Clover and Muhro, JJ. concurred.

Motion dismissed.